## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Worldwide Equipment, Inc., on behalf of itself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>HONEYWELL INTERNATIONAL INC.; CHAMPION LABORATORIES, INC.; PUROLATOR FILTERS N.A. L.L.C.; WIX FILTRATION CORP. LLC; CUMMINS FILTRATION, INC.; DONALDSON COMPANY, INC.; BALDWIN FILTERS, INC.; ROBERT BOSCH LLC; MANN + HUMMELL U.S.A., INC.; ARVINMERITOR, INC., and United Components, Inc.<br><br>　　　　Defendants. | CASE NO.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Worldwide Equipment, Inc. ("Plaintiff"), on behalf of itself and a class of all those similarly situated, brings this action against defendants Honeywell International Inc., Champion Laboratories, Inc., Purolator Filters N.A. L.L.C., Wix Filtration Corp. LLC, Cummins Filtration, Inc., The Donaldson Company, Baldwin Filters, Inc., Bosch U.S.A., Mann + Hummell U.S.A., Inc., and ArvinMeritor, Inc. (collectively, "Defendants") pursuant to the federal antitrust laws, Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. § 1 ("Sherman Act") and Sections 4 and 16 of the Clayton Antitrust Act of 1914, 15 U.S.C. §§ 15 and 26 ("Clayton Act"). Plaintiff makes the allegations herein on personal knowledge or information and belief based upon investigation made by and through his attorneys, as follows:

## NATURE OF THE CASE

1.     This lawsuit is brought as a class action on behalf of all individuals and entities who purchased aftermarket oil, air, fuel and transmission filters ("Filters") in the United States directly from Defendants, their predecessors, or their controlled subsidiaries and affiliates from at least January 1, 1999 until the present ("Class Period").

2.     During the Class Period, Defendants conspired to fix, raise, maintain or stabilize the prices of, and to allocate customers for, Filters in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

3.     Because of Defendants' unlawful conduct, Plaintiff and other members of the Class paid artificially inflated prices for Filters and, as a result, suffered antitrust injury to their business or property.

## JURISDICTION AND VENUE

4.     Jurisdiction of this Court is founded on Section 15 of the Sherman Act, 15 U.S.C. § 15, for violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, and Section 4 of the Clayton Act, 15 U.S.C. § 15, and 28 U.S.C. §§ 1331, 1337.

5.     Venue as to Defendants is proper in this District pursuant to Sections 15(a) and 22 of the Sherman Act and 28 U.S.C. § 1391(b), (c), and (d) because Defendants are found in and transact business in this District, Defendants regularly and continuously conduct business in interstate and foreign commerce between and among the several United States, and/or the interstate trade and commerce described herein has been carried out, in part, within this District.

## THE PARTIES

### Plaintiff

6.      Plaintiff Worldwide Equipment, Inc. ("Worldwide") is a Kentucky corporation that has its principal place of business at State Route 1428 East, Prestonsburg, Kentucky 41653. Worldwide sells, leases and services Mack, Volvo, GMC, Kenworth and other brands of trucks and is one of the largest heavy truck dealers in the United States.  Worldwide purchased Filters directly from one or more Defendants during the Class Period, and was damaged as a result of Defendants' unlawful conduct.

### Defendants

7.      Defendant Honeywell International, Inc. ("Honeywell") is a Delaware corporation with a principal place of business at 101 Columbia Road, Morristown, New Jersey 07962. During the time period covered in this complaint, Honeywell manufactured, sold and/or distributed Filters throughout the United States.

8.      Defendant Champion Laboratories, Inc. ("Champion") is a Delaware corporation with a principal place of business at 200 S. Fourth St., Albion, Illinois 62806. During the time period covered in this complaint, Champion manufactured, sold and/or distributed Filters throughout the United States.

9.      Defendant Purolator Filters N.A. L.L.C. ("Purolator N.A.") is a Delaware limited liability company with a principal place of business at 4800 Corporation Drive, Fayetteville, North Carolina 28306.  Purolator Filters N.A. L.L.C. is a joint venture between defendants Bosch U.S.A. and Mann + Hummel U.S.A., Inc.  During the time period covered in this complaint, Purolator manufactured, sold and/or distributed Filters throughout the United States.

3

10.     Defendant Wix Filtration Corp. LLC ("Wix") is a Delaware limited liability company with a principal place of business at 1 Wix Way, Gastonia, North Carolina 28054. During the time period covered in this complaint, Wix manufactured, sold and/or distributed Filters throughout the United States.

11.     Defendant Cummins Filtration, Inc. ("Cummins") is an Indiana corporation with a principal place of business at 2931 Elm Hill Pike, Nashville, Tennessee 37214.  During the time period covered in this complaint, Cummins manufactured, sold and/or distributed Filters throughout the United States.

12.     Defendant Donaldson Company, Inc. ("Donaldson") is a Delaware corporation with a principal place of business at 1400 West 94th St., Minneapolis, Minnesota 55431.  During the time period covered in this complaint, Donaldson manufactured, sold and/or distributed Filters throughout the United States.

13.     Defendant Baldwin Filters, Inc. ("Baldwin") is a Delaware corporation with a principal place of business at 4400 E. Hwy. 30, Kearney, Nebraska 68848. During the time period covered in this complaint, Baldwin manufactured, sold and/or distributed Filters throughout the United States.

14.     Defendant Robert Bosch LLC ("Bosch") is a Delaware limited liability company with a principal place of business at 2800 S. 25th Ave., Broadview, Illinois 60155.  During the time period covered in this complaint, Bosch manufactured, sold and/or distributed Filters throughout the United States.

15.     Defendant Mann + Hummel U.S.A., Inc. ("Mann + Hummel"), is a Delaware corporation with a principal place of business at 6400 S. Sprinkle Road, Portage, Michigan

4

49002. During the time period covered in this complaint, Mann + Hummel manufactured, sold and/or distributed Filters throughout the United States.

16.    Defendant ArvinMeritor, Inc. ("ArvinMeritor") is an Indiana corporation with a principal place of business at 2135 West Maple Road, Troy, Michigan 48084. During the time period covered in this complaint, ArvinMeritor manufactured, sold and/or distributed Filters throughout the United States. ArvinMeritor owned Purolator N.A. from January 1999 through March 2006. Thereafter it sold Purolator N.A. to Bosch and Mann + Hummel. Hereinafter, Purolator N.A., Bosch, Mann + Hummel and ArvinMeritor are collectively referred to as "Purolator."

17.    Defendant United Components, Inc. ("United") is a Delaware corporation with a principal place of business at 14601 Highway 41 North, Evansville, Indiana 47725. During the time period covered in this complaint, United manufactured, sold and/or distributed Filters throughout the United States.

## UNNAMED CO-CONSPIRATORS

18.    On information and belief, other persons, corporations, and entities not named herein are co-conspirators with Defendants in their unlawful restraint of trade. These other co-conspirators have facilitated, adhered to, participated in, and/or communicated with others regarding the conspiracy.

## FILTERS

19.    Oil, fuel, air and transmission filters are found in nearly every vehicle that is sold or operated in the United States.

20.   Oil filters are part of the lubrication system of engines. Oil filters sift out contaminants, permitting oil to flow through the engine unrestricted. The filtration of oil in engines is essential for enhancing longevity and performance.

21.   Fuel filters, which are part of the fuel line, trap harmful contaminants such as dirt and rust that may cause problems with carburetors and fuel injectors. Fuel filters are found in most internal combustion engines and improve engine performance.

22.   Air filters are used to trap dirt and other particulates from entering the engine's cylinders, which can damage the engine cylinders, walls, pistons and piston rings. Air filters also play a role in keeping contaminants off the airflow sensor in certain cars, in cleaning the air that enters the crankcase for crankcase ventilation, and as serving as a silencer for a vehicle's intake system.

23.   Transmission filters prevent harmful contaminants from entering the hydraulic system, where they can increase wear and cause scoring and sticking of hydraulic control valves. In addition, if a major part fails inside the transmission, the transmission filter may prevent pieces of that part from contributing to a catastrophic transmission failure.

**FACTUAL ALLEGATIONS**

24.   During the Class Period, Defendants and their co-conspirators conspired, contracted, or combined to fix, raise, maintain or stabilize prices and allocate customers for Filters in the United States.

25.   William G. Burch, a former Division Sales Manager employed by Defendant Champion, filed a wrongful termination suit against Champion. *See Champion Laboratories, Inc. v. William G. Burch*, U.S.D.C, N.D. Ill., No. 06-4031 (consolidated action).

6

26.    In an affidavit filed by Burch in that action, Burch accused Champion of being "involved in activities with Champion's competitors that constitute price-fixing." *See* Exhibit A, Response in Opposition to Motion for Protective Order, Docket No. 78 at ¶ 5; *see also* ¶ 6-7. *See also* Docket No. 79, Sealed Document (referenced in Burch's affidavit as containing details of price-fixing activities).

27.    Burch also states in his affidavit that he met with the FBI on January 13, 2006 and then provided the FBI on January 18, 2006 with his computer and all his evidence of price-fixing activities. *See id.* at ¶ 17.

28.    Burch was terminated by Champion on January 16, 2006. *See id. at* ¶ 19.

29.    Based on the foregoing, Defendants and their co-conspirators effectuated their conspiracy by, *inter alia*,

      a.    Exchanging pricing information for Filters sold in the United States;

      b.    Exchanging Filters price increase information before publishing such information to consumers or the general public;

      c.    Engaging in discussions regarding Filters pricing:

      d.    Authorizing the participation of employees in conspiratorial Filters pricing discussions; and

      e.    Generally agreeing to fix, raise and/or maintain Filters pricing in the United States and to allocate Filters customers in the United States. *See id.* at ¶¶ 5-7.

## INTERSTATE TRADE AND COMMERCE

30.    During the Class Period, Defendants were major manufacturers and sellers of Filters in interstate commerce throughout the United States.

31.     The unlawful activities of Defendants and the unnamed co-conspirators have been within the flow of, and have had a direct, substantial, and reasonably foreseeable effect on, interstate commerce.

## FRAUDULENT CONCEALMENT AND EQUITABLE TOLLING

32.     Plaintiff and other members of the Class had no knowledge of Defendants' unlawful self-concealing conspiracy and could not have discovered the contract, combination or conspiracy at an earlier date by the exercise of due diligence because of the deceptive practices and secrecy techniques employed by Defendants to avoid detection of, and to fraudulently conceal, their contract, combination or conspiracy.

33.     As a result of Defendants' fraudulent concealment of their conspiracy, the applicable statute of limitations governing Plaintiff's right of action has been tolled.

## CLASS ACTION ALLEGATIONS

34.     Plaintiff brings this action as a class action under Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of itself and all others similarly situated. The "Class" is defined as:

> All direct purchasers of Filters from Defendants and their co-conspirators (the "Class"), at any time from January 1, 1999 through the present (the "Class Period"), the exact dates being unknown to Plaintiff. Excluded from the Class are Defendants, any subsidiaries or affiliates of Defendants, and any of Defendants' co-conspirators, whether or not named as a Defendant in this Complaint.

35.     The Class is so numerous that joinder of all members is impracticable. Due to the nature of the trade and commerce involved, Plaintiff believes that the members of the Class are geographically dispersed throughout the United States, and that joinder of all Class members would be impracticable. While the exact number of Class members is unknown to Plaintiff at

this time, Plaintiff believes that there are, at least, tens of thousands of members of the Class and that their identities can be learned from Defendants' and their co-conspirators' books and records.

36.     Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and all members of the class purchased Filters at artificially maintained, non-competitive prices established by the actions of Defendants and their unnamed co-conspirators in connection with the restraint of trade alleged herein.  Plaintiff and the members of the Class have all sustained damage in that they paid inflated prices for the Filters at issue due to Defendants' conduct in violation of federal law as complained of herein.

37.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action and antitrust litigation.

38.     Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

39.     Common questions of law and fact exist as to all members of the Class which predominate over any questions affecting solely individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)     Whether Defendants conspired, contracted or combined for the purpose of and with the effect of instituting, raising, fixing, maintaining, or stabilizing the price of Filters that were purchased by the Class;

(b)     Whether Defendants undertook actions to conceal the unlawful conspiracy, contract or combination described herein; and

(c)    Whether Defendants' conduct violated the relevant federal antitrust laws and caused injury to the business and property of Plaintiff and the Class and, if so, the proper measure of damages.

40.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all Class members is impracticable. The prosecution of separate actions by individual members of the Class would impose heavy burdens upon the courts and Defendants, and would create a risk of inconsistent or varying adjudications of the questions of law and fact common to the Class. A class action, on the other hand, would achieve substantial economies of time, effort and expense, and would assure uniformity of decision as to persons similarly situated without sacrificing procedural fairness.

41.    The interest of members of the Class in individually controlling the prosecution of separate actions is theoretical rather than practical. The Class has a high degree of cohesion, and prosecution of the action through representatives would be unobjectionable. The amounts at stake for Class members, while substantial in the aggregate, are not great enough individually to enable them to maintain separate suits against Defendants. Plaintiff does not anticipate any difficulty in the management of this action as a class action.

## ANTITRUST INJURY TO PLAINTIFF AND THE CLASS

42.    The contract, combination and conspiracy alleged herein had and is having the following effects, among others:

(a)    Prices charged to Plaintiff and the Class for Filters have been raised, fixed, maintained or stabilized at higher, artificially derived, non-competitive levels;

(b)    Plaintiff and the Class have been deprived of the benefits of free, open and unrestricted competition in the market for Filters; and

(c)    Competition in establishing the prices paid in the United States has been unlawfully restrained, suppressed and eliminated.

43.    By reason of the violations of Section 1 of the Sherman Act and Section 4 of the Clayton Act, Plaintiff and the members of the Class have sustained injury to their business or property.

44.    The injury sustained by the Plaintiff and the Class is the payment of supercompetitive prices for Filters as a result of Defendants' illegal contract, combination, and conspiracy to restrain trade as alleged.  This is an antitrust injury of the type that the federal laws were meant to punish and prevent.

## COUNT I

### VIOLATION OF SECTION 1 OF THE SHERMAN ACT AND § 4 OF THE CLAYTON ACT

45.    Plaintiff incorporates by reference the allegations in the above paragraphs as if fully set forth herein.

46.    Defendants entered into and engaged in a contract, combination or conspiracy in unreasonable restraint of trade in violation of Section 1 of the Sherman Act and Section 4 of the Clayton Act.

47.    The contract, combination or conspiracy has resulted in an agreement, understanding or concerted action between and among Defendants in furtherance of which Defendants instituted, fixed, maintained, raised or stabilized prices for Filters.  Such contract, combination, or conspiracy constitutes a *per se* violation of the federal antitrust laws and is an unreasonable and unlawful restraint of trade.

11

48.     Defendants' contract, combination, agreement, understanding or concerted action occurred in or affected interstate and international commerce.  Defendants' unlawful conduct was carried out through mutual understandings or agreements by, between and among Defendants.

49.     The contract, combination or conspiracy has had the following effects:

(a)     Prices charged to Plaintiff and the Class for Filters were raised, fixed, maintained or stabilized at higher, artificially derived, non-competitive levels;

(b)     Plaintiff and the Class have been deprived of the benefits of free, open and unrestricted competition in the market for Filters; and

(c)     Competition in establishing the prices paid for Filters has been unlawfully restrained, suppressed and eliminated.

(d)     As a proximate result of Defendants' unlawful conduct, Plaintiff and the Class have suffered injury in that they have paid supercompetitive prices for Filters.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief:

A.     That the Court determine that this action may be maintained as a class action under Rules 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, that Plaintiff be denominated as class representative and Plaintiff's counsel be appointed as counsel for the Class;

B.      That the unlawful contract, combination or conspiracy alleged in Count I be adjudged and decreed to be an unreasonable restraint of trade or commerce in violation of Section 1 of the Sherman Act;

C.      Defendants, their affiliates, successors, transferees, assignees, and the officers, directors, partners, agents and employees thereof, and all other persons acting or claiming to act on their behalf, be permanently enjoined and restrained from, in any manner:

(1)      Continuing, maintaining or renewing the contract, combination or conspiracy alleged herein, or from engaging in any other contract, combination or conspiracy having a similar purpose or effect, and from adopting or following any practice, plan, program or device having a similar purpose or effect; and

(2)      Communicating or causing to be communicated information to any other person engaged in the manufacture, distribution or sale of any product except to the extent necessary in connection with bona fide sales transactions between the parties to such communications.

(3)      That Plaintiff and the Class recover compensatory damages, as provided by law, determined to have been sustained as to each of them, and that judgment be entered against Defendants on behalf of Plaintiff and of the Class;

(4)      That Plaintiff and the Class recover treble damages, as provided by law;

(5)      That Plaintiff and the Class recover their costs of the suit, including reasonable attorneys' fees, as provided by law; and

(6)      For such other and further relief as the Court deems just.

**DEMAND FOR JURY TRIAL**

Pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure and the Constitution of the United States, Plaintiff demands a trial by jury of all issues so triable.

DATED:  May 9, 2008

Respectfully submitted,

**TRUJILLO RODRIGUEZ & RICHARDS, LLC**

By:  _____/s Lisa J. Rodriguez_____
Lisa J. Rodriguez
8 Kings Highway West
Haddonfield, NJ 08033
Telephone:  (856) 795-9002
Fax:  (856) 795-9887

Ira Neil Richards
Trujillo Rodriguez & Richards, LLC
1717 Arch Street
Suite 3838
Philadelphia, PA 19103
Telephone: (215) 731-9004
Fax: (215) 731-9044

Richard L. Creighton, Jr.
Keating Muething & Klekamp PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Telephone: (513) 579-6513
Fax:  (513) 579-6457

Steven A. Asher
Mindee J. Reuben (admitted in D.N.J.)
Noah Axler
Weinstein Kitchenoff & Asher LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Telephone:  (215) 545-7200
Fax:  (215) 545-6535

*Counsel for Plaintiff Worldwide Equipment, Inc.*

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of ___New Jersey_____

| | |
|---|---|
| WORLDWIDE EQUIPMENT, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HONEYWELL INTERNATIONAL INC.; CHAMPION LABORATORIES, INC.; PUROLATOR FILTERS N.A. L.L.C.; WIX FILTRATION CORP. LLC; CUMMINS FILTRATION, INC.; DONALDSON COMPANY, INC.; BALDWIN FILTERS, INC.; ROBERT BOSCH LLC; MANN + HUMMELL U.S.A., INC.; ARVINMERITOR, INC., and United Components, Inc.<br><br>Defendants. | **SUMMONS IN A CIVIL ACTION**<br><br>CASE NUMBER: |

TO: (Name and address of Defendant)  HONEYWELL INTERNATIONAL INC.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and address)

> Lisa J. Rodriguez
> Trujillo Rodriguez & Richards, LLC
> 8 Kings Highway West
> Haddonfield, NJ 08033
> (856) 795-9002

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____    _____
CLERK                                        DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of ___New Jersey_____

| | |
|---|---|
| WORLDWIDE EQUIPMENT, INC., on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> HONEYWELL INTERNATIONAL INC.; CHAMPION LABORATORIES, INC.; PUROLATOR FILTERS N.A. L.L.C.; WIX FILTRATION CORP. LLC; CUMMINS FILTRATION, INC.; DONALDSON COMPANY, INC.; BALDWIN FILTERS, INC.; ROBERT BOSCH LLC; MANN + HUMMELL U.S.A., INC.; ARVINMERITOR, INC., and United Components, Inc. <br><br> Defendants. | **SUMMONS IN A CIVIL ACTION** <br><br> CASE NUMBER: |

TO: (Name and address of Defendant)  CHAMPION LABORATORIES, INC.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and address)

> Lisa J. Rodriguez
> Trujillo Rodriguez & Richards, LLC
> 8 Kings Highway West
> Haddonfield, NJ 08033
> (856) 795-9002

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____          _____
CLERK                                                                    DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of ___New Jersey___

| | |
|---|---|
| WORLDWIDE EQUIPMENT, INC., on behalf of itself and all others similarly situated,<br><br>                 Plaintiff,<br><br>   v.<br><br>HONEYWELL INTERNATIONAL INC.; CHAMPION LABORATORIES, INC.; PUROLATOR FILTERS N.A. L.L.C.; WIX FILTRATION CORP. LLC; CUMMINS FILTRATION, INC.; DONALDSON COMPANY, INC.; BALDWIN FILTERS, INC.; ROBERT BOSCH LLC; MANN + HUMMELL U.S.A., INC.; ARVINMERITOR, INC., and United Components, Inc.<br><br>                Defendants. | **SUMMONS IN A CIVIL ACTION**<br><br>CASE NUMBER: |

TO: (Name and address of Defendant)  PUROLATOR FILTERS N.A. L.L.C.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and address)

      Lisa J. Rodriguez
      Trujillo Rodriguez & Richards, LLC
      8 Kings Highway West
      Haddonfield, NJ 08033
      (856) 795-9002

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

_____
DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of ___New Jersey___

| | |
|---|---|
| WORLDWIDE EQUIPMENT, INC., on behalf of itself and all others similarly situated, | **SUMMONS IN A CIVIL ACTION** |
| Plaintiff, | |
| v. | CASE NUMBER: |
| HONEYWELL INTERNATIONAL INC.; CHAMPION LABORATORIES, INC.; PUROLATOR FILTERS N.A. L.L.C.; WIX FILTRATION CORP. LLC; CUMMINS FILTRATION, INC.; DONALDSON COMPANY, INC.; BALDWIN FILTERS, INC.; ROBERT BOSCH LLC; MANN + HUMMELL U.S.A., INC.; ARVINMERITOR, INC., and United Components, Inc. | |
| Defendants. | |

TO: (Name and address of Defendant)  WIX FILTRATION CORP. LLC

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and address)

> Lisa J. Rodriguez
> Trujillo Rodriguez & Richards, LLC
> 8 Kings Highway West
> Haddonfield, NJ 08033
> (856) 795-9002

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____    _____
CLERK                                                          DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of __New Jersey_____

| | |
|---|---|
| WORLDWIDE EQUIPMENT, INC., on behalf of itself and all others similarly situated,<br><br>              Plaintiff,<br><br>    v.<br><br>HONEYWELL INTERNATIONAL INC.; CHAMPION LABORATORIES, INC.; PUROLATOR FILTERS N.A. L.L.C.; WIX FILTRATION CORP. LLC; CUMMINS FILTRATION, INC.; DONALDSON COMPANY, INC.; BALDWIN FILTERS, INC.; ROBERT BOSCH LLC; MANN + HUMMELL U.S.A., INC.; ARVINMERITOR, INC., and United Components, Inc.<br><br>              Defendants. | **SUMMONS IN A CIVIL ACTION**<br><br>CASE NUMBER: |

      TO: (Name and address of Defendant)  CUMMINS FILTRATION, INC

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and address)

        Lisa J. Rodriguez
        Trujillo Rodriguez & Richards, LLC
        8 Kings Highway West
        Haddonfield, NJ 08033
        (856) 795-9002

an answer to the complaint which is served on you with this summons, within ___20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____    _____
CLERK                                                                          DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of ___New Jersey_____

| | |
|---|---|
| WORLDWIDE EQUIPMENT, INC., on behalf of itself and all others similarly situated,<br><br>             Plaintiff,<br><br>    v.<br><br>HONEYWELL INTERNATIONAL INC.; CHAMPION LABORATORIES, INC.; PUROLATOR FILTERS N.A. L.L.C.; WIX FILTRATION CORP. LLC; CUMMINS FILTRATION, INC.; DONALDSON COMPANY, INC.; BALDWIN FILTERS, INC.; ROBERT BOSCH LLC; MANN + HUMMELL U.S.A., INC.; ARVINMERITOR, INC., and United Components, Inc.<br><br>             Defendants. | **SUMMONS IN A CIVIL ACTION**<br><br>CASE NUMBER: |

    TO: (Name and address of Defendant)  DONALDSON COMPANY, INC.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and address)

        Lisa J. Rodriguez
        Trujillo Rodriguez & Richards, LLC
        8 Kings Highway West
        Haddonfield, NJ 08033
        (856) 795-9002

an answer to the complaint which is served on you with this summons, within ___20____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____     _____
CLERK                                                                    DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of ___New Jersey_____

| | |
|---|---|
| WORLDWIDE EQUIPMENT, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HONEYWELL INTERNATIONAL INC.; CHAMPION LABORATORIES, INC.; PUROLATOR FILTERS N.A. L.L.C.; WIX FILTRATION CORP. LLC; CUMMINS FILTRATION, INC.; DONALDSON COMPANY, INC.; BALDWIN FILTERS, INC.; ROBERT BOSCH LLC; MANN + HUMMELL U.S.A., INC.; ARVINMERITOR, INC., and United Components, Inc.<br><br>Defendants. | **SUMMONS IN A CIVIL ACTION**<br><br>CASE NUMBER: |

TO: (Name and address of Defendant)  BALDWIN FILTERS, INC.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and address)

> Lisa J. Rodriguez
> Trujillo Rodriguez & Richards, LLC
> 8 Kings Highway West
> Haddonfield, NJ 08033
> (856) 795-9002

an answer to the complaint which is served on you with this summons, within ___20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____     _____
CLERK                                        DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of ___New Jersey___

| | |
|---|---|
| WORLDWIDE EQUIPMENT, INC., on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> HONEYWELL INTERNATIONAL INC.; CHAMPION LABORATORIES, INC.; PUROLATOR FILTERS N.A. L.L.C.; WIX FILTRATION CORP. LLC; CUMMINS FILTRATION, INC.; DONALDSON COMPANY, INC.; BALDWIN FILTERS, INC.; ROBERT BOSCH LLC; MANN + HUMMELL U.S.A., INC.; ARVINMERITOR, INC., and United Components, Inc. <br><br> Defendants. | **SUMMONS IN A CIVIL ACTION** <br><br> CASE NUMBER: |

TO: (Name and address of Defendant)  ROBERT BOSCH LLC

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and address)

       Lisa J. Rodriguez
       Trujillo Rodriguez & Richards, LLC
       8 Kings Highway West
       Haddonfield, NJ 08033
       (856) 795-9002

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____

CLERK                             DATE

_____

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of ___New Jersey_____

| | |
|---|---|
| WORLDWIDE EQUIPMENT, INC., on behalf of itself and all others similarly situated, | **SUMMONS IN A CIVIL ACTION** |
| Plaintiff, | CASE NUMBER: |
| v. | |
| HONEYWELL INTERNATIONAL INC.; CHAMPION LABORATORIES, INC.; PUROLATOR FILTERS N.A. L.L.C.; WIX FILTRATION CORP. LLC; CUMMINS FILTRATION, INC.; DONALDSON COMPANY, INC.; BALDWIN FILTERS, INC.; ROBERT BOSCH LLC; MANN + HUMMELL U.S.A., INC.; ARVINMERITOR, INC., and United Components, Inc. | |
| Defendants. | |

TO: (Name and address of Defendant)  MANN + HUMMELL U.S.A., INC.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and address)

> Lisa J. Rodriguez
> Trujillo Rodriguez & Richards, LLC
> 8 Kings Highway West
> Haddonfield, NJ 08033
> (856) 795-9002

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____        _____
CLERK                                                              DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of ___New Jersey___

| | |
|---|---|
| WORLDWIDE EQUIPMENT, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HONEYWELL INTERNATIONAL INC.; CHAMPION LABORATORIES, INC.; PUROLATOR FILTERS N.A. L.L.C.; WIX FILTRATION CORP. LLC; CUMMINS FILTRATION, INC.; DONALDSON COMPANY, INC.; BALDWIN FILTERS, INC.; ROBERT BOSCH LLC; MANN + HUMMELL U.S.A., INC.; ARVINMERITOR, INC., and UNITED COMPONENTS, INC.<br><br>Defendants. | **SUMMONS IN A CIVIL ACTION**<br><br>CASE NUMBER: |

TO: (Name and address of Defendant)  ARVINMERITOR, INC.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and address)

> Lisa J. Rodriguez
> Trujillo Rodriguez & Richards, LLC
> 8 Kings Highway West
> Haddonfield, NJ 08033
> (856) 795-9002

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

_____
DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of ___New Jersey___

| | |
|---|---|
| WORLDWIDE EQUIPMENT, INC., on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> HONEYWELL INTERNATIONAL INC.; CHAMPION LABORATORIES, INC.; PUROLATOR FILTERS N.A. L.L.C.; WIX FILTRATION CORP. LLC; CUMMINS FILTRATION, INC.; DONALDSON COMPANY, INC.; BALDWIN FILTERS, INC.; ROBERT BOSCH LLC; MANN + HUMMELL U.S.A., INC.; ARVINMERITOR, INC., and UNITED COMPONENTS, INC. <br><br> Defendants. | **SUMMONS IN A CIVIL ACTION** <br><br><br> CASE NUMBER: |

TO: (Name and address of Defendant)  UNITED COMPONENTS, INC.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and address)

      Lisa J. Rodriguez
      Trujillo Rodriguez & Richards, LLC
      8 Kings Highway West
      Haddonfield, NJ 08033
      (856) 795-9002

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____          _____
CLERK                                                                          DATE

_____
(By) DEPUTY CLERK

JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Worldwide Equipment, Inc.

**DEFENDANTS**

Honeywell International, Inc. (additional Defendants on Attachment A)

**(b)** County of Residence of First Listed Plaintiff  Floyd County

County of Residence of First Listed Defendant  Morris

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, Telephone Number and Email Address)

Lisa J. Rodriguez,  Trujillo Rodriguez & Richards, LLC, 8 Kings Highway West, Haddonfield, NJ 08033 (856-795-9002

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
    Plaintiff

☒ 3  Federal Question
    (U.S. Government Not a Party)

☐ 2  U.S. Government
    Defendant

☐ 4  Diversity
    (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                              and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☒ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original
    Proceeding

☐ 2  Removed from
    State Court

☐ 3  Remanded from
    Appellate Court

☐ 4  Reinstated or
    Reopened

☐ 5  Transferred from
    another district
    (specify)

☐ 6  Multidistrict
    Litigation

☐ 7  Appeal to District
    Judge from
    Magistrate
    Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Section 1

Brief description of cause:
the Clayton Act, U.S.C. Sections 15 and 26

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
   UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S)

(See instructions)

JUDGE  Katherine S. Hayden

DOCKET NUMBER  08-2123

Explanation:

DATE  5/9/08

SIGNATURE OF ATTORNEY OF RECORD

ATTACHMENT A

**(Additional Defendants)**
CHAMPION LABORATORIES, INC.
PUROLATOR FILTERS N.A. L.L.C.
WIX FILTRATION CORP. LLC
CUMMINS FILTRATION, INC.
DONALDSON COMPANY, INC.
BALDWIN FILTERS, INC.
ROBERT BOSCH LLC
MANN + HUMMELL U.S.A., INC.
ARVINMERITOR, INC.
UNITED COMPONENTS, INC.